This is an action in mandamus instituted in this court to procure a peremptory writ requiring the Industrial Commission to vacate an order entered by it dismissing an application for a rehearing in a certain proceeding pending before it, wherein the relatrix, Louise M. Sheppler, is claimant, and to take action upon the claim for compensation involved therein.
Before such writ can issue it must be made to appear that the act sought to be compelled is an act which the law specially enjoins upon the commission.
There is no disagreement as to the facts. The husband of Louise M. Sheppler was injured September 19, 1927; following that injury he filed an *Page 257 
application for compensation, wherein his address was given as 173 South Forge street, Akron, Ohio. Within a month thereafter he died, and his widow filed an application for compensation, but gave no address. Her application was denied on April 13, 1928, upon the ground of nondependency, and notice of such action was sent three days later, but, as subsequently developed, Sheppler and his wife had not been living together for some time and the notice sent to Sheppler's previous address, the only address that had been given, was returned undelivered. Some time thereafter a son of Mrs. Sheppler, upon her request, made inquiry at the Industrial Commission's branch office in Akron, and he was shown the letter from the commission sent to the branch office, which set forth that the claim in question had been denied. Thereafter an attorney was consulted with reference to the matter by the son of claimant, upon her request. This was in October, 1928. Subsequently, that attorney having taken no action, another attorney was consulted, and after some period of time had elapsed without action a third firm of attorneys was consulted on March 25, 1929, and a letter was then written by that firm to the Industrial Commission requesting that it again send notice to Mrs. Sheppler, and the commission then remailed to Mrs. Sheppler the original letter sent to her. An application for rehearing was filed April 25, 1929. Upon hearing, the facts above set forth were developed and the Industrial Commission dismissed the application for the reason that it was not filed within thirty days after the claimant received notice of the denial of her claim.
The only question presented by this record is *Page 258 
whether the application of relatrix was filed within thirty days from the time she received notice of the disallowance of her claim.
Under the provisions of Section 1465-90, General Code, a claim having been denied by the Industrial Commission, as in this proceeding, "the claimant may within thirty days after receipt of notice of such finding of the commission, file an application with the commission for a rehearing of his claim * * *." It would thereupon become the duty of the Industrial Commission under the statute to vacate its former action and proceed to a rehearing of such claim. That duty, however, is predicated upon the filing of the application for such rehearing within "thirty days after receipt of notice of such finding of the commission."
It is conceded by this record that the claimant had actual notice and full knowledge of the action of the Industrial Commission denying her claim more than five months before her application for a rehearing was filed. The subsequent remailing of the formal notice to her, upon the procurement of counsel, brought to her no knowledge she did not possess long prior thereto. The statute does not prescribe the form of notice of the action of the Industrial Commission, nor the manner of bringing the fact as to that adverse action to the attention of the claimant. It is essential that the claimant have actual knowledge of the rejection of the claim, and the thirty days accorded the claimant to file an application for a rehearing does not begin to run until the claimant has such notice.
Practically the same question was before this court in the case of Roma v. Industrial Commission, *Page 259 97 Ohio St. 247, 119 N.E. 461. In the proceeding involved in that case notice of the action of the Industrial Commission was sent to the claimant's attorney, but was not communicated to the claimant. It was there held that the essential thing was that the claimant have actual notice of the disallowance of his claim, and that the period there involved, which was the thirty-day period, as then fixed for an appeal to the common pleas court, did not begin to run until the claimant had actual notice of the rejection of his claim.
It therefore clearly appearing that the claimant's application for rehearing was filed long after the expiration of the period of thirty days subsequent to her actual notice of the rejection of her claim, it follows that mandamus does not lie to compel the Industrial Commission to reinstate the application for a rehearing, or to proceed further with a consideration of the claim.
Writ denied.
MARSHALL, C.J., JONES, DAY, ALLEN, KINKADE and ROBINSON, JJ., concur. *Page 260