Matthias, J.
This is an original action in this court wherein the relator seeks an order requiring the Indus *175 trial Commission to grant Mm a rehearing of his application for compensation under the Workmen’s Compensation Law.
The record discloses that the relator’s application for compensation for injuries sustained in the course of his employment in 1926 was allowed, and that in addition to compensation for temporary total disability he was awarded and paid for the impairment of his earning capacity in the sum of $3,750, the maximum amount provided by law. Thereafter, on June 11,1930, the relator filed an application for modification of award, claiming additional compensation for further and additional disability resulting from his injury. That application was denied August 25,1930. His application for rehearing was filed July 28, 1931.
The commission dismissed the application for rehearing upon the ground that it was not filed within thirty days from the time relator received notice of the action of the commission wherein he was denied compensation.
The basis for this mandamus action as asserted by the amended petition, is that “said application [for modification of award] was denied by the Industrial Commission of Ohio on or about the 25th day of August, 1930, without any notice to the said relator.” There was no averment or proof that the relator did not thereafter, receive information of such action. On the contrary there is proof in the record that notice was promptly sent by registered mail to a former address of the relator, in an envelope carrying a return address, and was not returned to the commission. The relator did have actual knowledge of the adverse action of the commission through a communication from his attorneys, then representing him, and who appear for him in this case. That was received by him no later than the 26th or 27th of January, 1931. His application for rehearing was not filed until six months thereafter.
*176 This was the evidence before the Industrial Commission, upon which, apparently following the rule announced and applied by this court in State, ex rel. Sheppler, v. Industrial Commission, 123 Ohio St., 256, 174 N. E., 764, it based its action dismissing the application for a rehearing upon the ground that it was not filed within thirty days after the claimant received notice of the denial of his claim.
The relator seeks the extraordinary remedy of mandamus. It is well established that before such writ can issue it must be made to appear that the act sought to be compelled thereby is an act which the law especially enjoins upon the commission. 25 Ohio Jurisprudence, 995. The facts presented do not support the contention of the relator. On the contrary these facts warrant the finding of the commission that the application for rehearing was not filed within the time required by law. The effort which had previously been made on behalf of claimant to procure relief from the adverse action of the commission, wherein it denied the application for modification of award and allowance of further compensation, did not serve to extend the statutory period for the filing of an application for rehearing. Industrial Commission v. Glenn, 101 Ohio St., 454, 129 N. E., 687.

Writ denied.

Weygandt, C. J., Day, Allen and Jones, JJ., concur.
Kinkade, J., not participating.