Jones, J.
While the commission does not state why it dismissed the application for rehearing, conceivably its reason therefor is that which is now urged by its counsel, and that is that the first application, filed in May, 1928, bearing the signature, “Mrs. Elizabeth Juergens by Urban R. Juergens, her attorney,” was not a compliance with the statute, for the reason that the application was not in fact signed or filed by the. claimant herself. The second application, forwarded by her to the commission in June, must have been considered by the commission as having been filed after the thirty-day period.
In their brief the counsel for the commission frankly state that the case turns upon the proposition whether, under the provisions of Section 1465-90, General Code, the claimant, rather than her attorney, must file the application. That section provides that “the claimant may within thirty days after receipt of notice * * * file an application with the commission for a rehearing of his claim.” Obviously this section does not require the claimant to sign the application, but to “file” it with the commission.
We are of the opinion that the application may be filed either by the claimant or by an attorney authorized to file it in his behalf. When a claim has been denied by the commission, the case assumes an aspect *527 of possible litigation in the courts, where the claimant obviously would be required to seek professional counsel, who thenceforth would act in the preparation of proceedings for appeal and in the conduct and trial of the case. In such a situation we can see no reason why a claimant may not confide the power of filing his application to an attorney, and authorize him to act in his behalf. The application of May 28, 1928, was signed “Mrs. Elizabeth Juergens, by Urban E. Juergens her attorney. ” • At that stage of the proceeding, the attorney sought to enter and act therein as an attorney of record for the claimant. The written application signed by him as such attorney was presumptive evidence of his authority to file the application, and such authority is presumed until repelled by evidence. “It is well established in the courts of this country, federal and state, that the appearance of a regularly admitted attorney at law is presumptive evidence of his authority to represent the person for whom he appears. This rule is well established in Ohio.” 4 Ohio Jurisprudence, pages 456 and 457.
Evidently the commission was of the opinion that the first application for rehearing, filed in May, 1928, was valid if the attorney furnished proof of his authority, for on June 8, 1928, the record discloses that the Industrial Commission wrote to the attorney acknowledging receipt of the application for rehearing filed in May, and suggesting that the application be signed by the claimant, “or if you do not prefer to do this you may file a written statement from the claimant showing your authority to act in her behalf.” In cases of this character, where a claimant is of necessity required to seek the advice of counsel with respect to appeal and prospective litigation, the statute should be liberally construed in order to effectuate its obvious purpose. Adhering to that rule of construction, we are of opinion that the quoted part of Section 1465-90, General Code, permits the filing of an appli *528 cation for rehearing either by the claimant or by an attorney in his behalf. The question presented here is somewhat analogous to that presented in the case of Kenton v. Board of Education of Mad River Township, 70 Ohio St., 172, 71 N. E., 287.
The cases of Roma v. Industrial Commission, 97 Ohio St., 247, 119 N. E., 461, and State, ex rel. Sheppler, v. Industrial Commission, 123 Ohio St., 256, 174 N. E., 764, are distinguishable. In the Roma case the facts developed in the opinion tended to disclose that, while notice was sent to the claimant’s attorney, the attorney thereafter withdrew from the case,- the jury finding that the claimant did not receive notice of the action of the commission denying his claim until too late to prosecute his appeal. In the Sheppler case, it is definitely stated that claimant’s application for rehearing was filed long after the period of thirty days subsequent to her receipt of actual notice of its rejection.
The motion of the respondent to' dismiss the case is overruled, for the reason that after the filing thereof leave was granted by this court to so change the style of the case as to make it appear that the action was brought by the state on the relation of the claimant.
It follows from what has been said that, if the respondent does not desire to further plead, a writ of mandamus will be granted as prayed for.

Motion to dismiss overruled and writ allowed.

Weygandt, C. J., Allen, Stephenson, Bevis and Zimmerman, JJ., concur.
Matthias, J., not participating.