Two questions — one of law and one of fact — are here presented for determination.
The first of these relates to the finality of the authority of the Industrial Commission to hear and decide whether an application for rehearing has been filed within the statutory thirty-day period. In other words, is this a matter in which the original decision of the commission is final, or may the question subsequently be resubmitted to the commission on a reheating *Page 543 
and then again to a jury in the Court of Common Pleas on appeal?
Counsel agree that the evidence in this case is in conflict as to whether notice of the disallowance of the claim was received more than thirty days before the application for rehearing was filed. The relatrix contends that this situationipso facto requires the issuance of the peremptory writ irrespective of where the great weight of the evidence may be at this time. She insists that this issue of fact is a jurisdictional question for decision, not by this court, but by the commission on rehearing. In other words, she does not ask this court to determine whether the notice of disallowance was received more than thirty days before the application for rehearing was filed. Neither does she ask this court to control the finding of the commission in this respect. Her single request is that this court order the commission to grant a rehearing and reconsider and decide this question of fact at that time. This procedure would enable her to make her record for presentation of her case in the Court of Common Pleas on appeal.
In Section 1465-90, General Code, appears the following language:
"The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions thereon, including the extent of disability and amount of compensation to be paid in each claim, shall be final * * *.
"Such hearing shall be had and the evidence for and against the allowance of the claim submitted as in the trial of civil actions."
The only case cited in the briefs is that of State, ex rel.Sheppler, v. Industrial Commission, 123 Ohio St. 256,174 N.E. 764. However, that decision cannot be considered decisive of the instant question, inasmuch as no issue of fact was presented by the record. It was conceded that notice of the disallowance of the claim *Page 544 
had been received more than thirty days before the application for rehearing was filed.
In the later case of State, ex rel. Huber, v. IndustrialCommission, 126 Ohio St. 174, 184 N.E. 510, this court considered the evidence and denied the writ on the ground that the facts did not support the contentions of the relatrix.
This court is still of the view that the decision of the Industrial Commission as to the proper filing of an application for rehearing is final and will not be disturbed by the issuance of a writ of mandamus unless there has been an abuse of discretion.
The second question is one of fact. Was the commission guilty of abuse of discretion in finding that the relatrix received the notice of disallowance sent her by registered mail on June 2, 1931?
A study of the evidence clearly fails to disclose an abuse of discretion by the commission. On the contrary, its conclusion could not have been otherwise. In the first place, there was the usual inference that properly arises from the fact that a letter is correctly addressed, stamped, and mailed. However, in this case the commission was not required to base its finding upon a mere inference. In the record is a return receipt card dated June 5, 1931, and containing a signature obviously that of the relatrix. Although she denies that she received the letter or signed the receipt card, a comparison of that signature with the admitted specimens leaves nothing to conjecture.
The relatrix further claims that the commission should not have sent the notice to her in view of her instruction to mail all notices to her attorney. Whatever may have been the effect of this instruction, it clearly could not have served to invalidate a notice given in conformity with the statute.
In view of the foregoing, it necessarily follows that *Page 545 
the writ must be denied and the petition dismissed at the costs of the relatrix.
Writ denied.
STEPHENSON, JONES, BEVIS and ZIMMERMAN, JJ., concur.
ALLEN, J., concurs in proposition two of the syllabus and in the judgment.
MATTHIAS, J., not participating.