Hart, J.
The first and decisive question presented by the record in this case is: Did the commission abuse its discretion in finding that the letter of relator, filed August 15,1930, was not an application for rehearing?
The pertinent portion of Section 1465-90, General Code (111 Ohio Laws, 227), relating to the filing of an application for rehearing, in force at that time, was as follows:
“In all claims for compensation on account of injury, or death resulting therefrom, if the commission finds that it has no jurisdiction of the claim and has no authority thereby to inquire into the extent of disability or the amount of compensation, and denies the right of the claimant to receive compensation or to *120 continue to receive compensation for such reason, then the claimant may within 30 clays after receipt of notice of such finding of the commission, file an application with the commission for a rehearing of his claim, whereupon the former action of the commission thereon shall be vacated and the commission shall fix a date for rehearing of such claim and give the claimant and his employer at least one week’s prior notice thereof * *
While procedural statutes affecting the rights of a claimant under the Workmen’s Compensation Act must be liberally construed in favor of the claimant, an application to the Industrial Commission for rehearing-on a claim for compensation which it has denied, is jurisdictional and necessary to preserve the rights of the claimant in the further prosecution of his claim. 'The filing of an application for rehearing is a definite procedural step which must be taken to invoke the further consideration of the commission as to the allowance of the claim. A rehearing application must be filed within 30 clays after receipt of notice of denial of the claim, and serves to vacate the order of the commission denying- the same. It is also necessary as a condition precedent to the right to have a rehearing on the claim and to perfect an appeal in case of its denial.
While such application may be informal, it must contain a request for a rehearing of the claim. Since such important consequences flow from such an application, the fact of its filing cannot be left to conjecture or to a fanciful interpretation of its language.
While the relator in his letter complains of the action and finding of the commission, lie makes no request that his claim be reheard. The fact that he did not offer to produce any evidence as upon rehearing or take any other steps in relation to his claim Air over ten years, is strong evidence that at the time he wrote the letter he had no present intention of further prosecuting his claim.
*121 Necessarily, the commission must be invested with some discretion to determine the import of communications written to it, and in the absence of abuse of such discretion its finding on the question is final. State, ex rel. Allen, v. Industrial Commission, 127 Ohio St., 541, 189 N. E., 503. Under the circumstances, this court cannot say that the commission abused its discretion in failing or refusing to construe claimant’s letter as an application for rehearing. So finding, the other questions presented by the record are not reached and need not be decided. The judgment of the Court of Appeals-is affirmed.

Judgment affirmed.

Weygandt, C. J., Turnee, Williams, Matthias, Zimmerman and Bettman, JJ., concur.