## STATE, EX SAFFEL, Relator, v. INDUSTRIAL COMM., Respondent.

Ohio Appeals, Second District, Franklin County

No. 3909.   Decided October 31, 1946.

R. N. Larrimer, Columbus, for Relator.

Hugh S. Jenkins, Attorney General, C. G. L. Yearick and William T. Burgess, Asst. Attorney General, Columbus, for Respondent.

**OPINION**

By THE COURT:

This is an action filed in this Court seeking a writ of mandamus against the Industrial Commission of Ohio.

The sole question raised is as to whether the application • filed by the relator, Delbert Saffel, on July 11, 1945, within thirty days from receipt of notice of disallowance of his claim on a jurisdictional ground, constituted a valid application for a rehearing under §1465-90 GC. The application was on a form printed by the Industrial Commission and entitled "Form C-86," the pertinent parts of which read as follows:

"Delbert Saffel states that he is claimant in the above styled claim and that a request is made that the claim be further considered by the Industrial Commission for the following reasons:

"Now comes the claimant and moves the Commission to vacate its order of June 5, 1945 and to grant to this claimant compensation as asked for in his application for modification of award filed March 13, 1945."

The relator contends that the wording in the above quoted motion, in substance, asks for a rehearing and is sufficient to protect his rights the same as if the rehearing had been filed on Form C-103, which is the form printed by the Industrial Commission for rehearing purposes; that the words "to vacate its order of June 5, 1945" are in themselves an application for a rehearing. We do not construe them as such. If the motion had been sustained the respondent could have reconsidered the case on the same evidence as previously and then made another finding. It would seem that this was what the relator asked for as he also asked in his motion, " * * to grant to this claimant compensation as asked for in his application for modification of award filed March 13, 1945." We believe this position is strengthened by the following letter of R. N. Larrimer, attorney for relator, which accompanied the motion, in which he says:

"Please find enclosed Form C-86 and report of Dr. Shinbach to be considered with application for lump sum settlement filed in the above entitled case."

This letter requests the report of Dr. Shinbach be considered with the application for lump sum settlement which would be on reconsideration of the case on the prior record and Dr. Shinbach's statement. No indication was made in this letter that a rehearing was desired.

This Court passed on practically the same question in **State, ex rel. Stockdale v Industrial Commission, 39 Abs page 6,** decided on February 2, 1943. Here the motion was as follows:

"Now comes the claimant, Ray Stockdale, and moves the Commission to set aside the order of April 3, 1939, and grant a three-member hearing for the following reasons * * * ."

It will be noted that here the motion was "to set aside the order" and in the instant case it was to "vacate its order." The legal import of these quoted phrases is identical. In commenting on the Stockdale v Industrial Commission case, supra, Geiger, J., says:

"The motion of April 17 is not the motion for a rehearing as provided by the statute, but is a motion for a reconsideration of the evidence theretofore introduced and a reconsideration of the order of the Court based upon such evidence. It is not such an application for rehearing as is provided by §1465-90 GC."

That the Commission had power and jurisdiction to modify its findings or orders was only recently affirmed by our Supreme Court in **State, ex rel. New Idea, Inc., v Blake, et al. and Industrial Commission of Ohio, 145 Oh St 209.**

Syllabus 1:

"Under the provisions of §1465-86 GC, the powers and jurisdiction of the Industrial Commission over each case are continuing, and the Commission may from time to time make such modification or change with respect to former findings or orders as in its opinion may be justified."

In **State, ex rel. Smith v Industrial Commission, 140 Oh St 117,** the Court says in syllabus 2:

"While an application to the Industrial Commission for a rehearing, on a claim for compensation, may be informal in character, it must contain a request for a rehearing of the case."

In this decision at page 120 it is said:

"While such application may be informal, it must contain a request for a rehearing of the claim. Since such important consequences flow from such an application, the fact of its filing cannot be left to conjecture or to a fanciful interpretation of its language."

And again on page 121, Hart, J., says:

"Necessarily, the Commission must be invested with some discretion to determine the import of communications written to it, and in the absence of abuse of such discretion its finding on the question is final. **State, ex rel. Allen v Industrial Commission, 127 Oh St 541, 189 N. E., 503.**"

It is our conclusion that the respondent did not abuse this discretion, and the application for a writ is denied.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.