**STATE, ex rel. GOINS, Relator-Appellee, v. INDUSTRIAL COMMISSION, Respondent-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5963. Decided October 14, 1958.

Schwenker, Teaford, Brothers & Solsberry, L. Bernell Solsberry, of Counsel, Columbus, for relator-appellee.

William Saxbe, Atty. Genl., John R. Barrett, Robert M. Duncan, Asst. Attys. Genl., Columbus, for respondent-appellant.

## OPINION

By PETREE, PJ.

This is a law appeal from a judgment of the Common Pleas Court upon the following assignment of error:

The Court of Common Pleas erred in ordering a writ of mandamus to issue granting the relief requested in relator's petition.

Sec. 1465-90 GC, under which this question arises, provides, in part, as follows:

"* * * the claimant may, within thirty days after the receipt of notice of such finding of the commission, file an application with the commission for a rehearing of his claim, * * *."

It is admitted in this case that claimant's application for rehearing was not within the time provided by law. It is also admitted that Julia Goins, relator, appellee herein, received actual notice from the Industrial Commission of its finding. Her attorney, L. Bernell Solsberry, did not receive notice of the disallowance of the claim, and neither the claimant nor the attorney took action until after the thirty days had expired. In this particular case, the appellee had not filed an authorization of representation naming Mr. Solsberry. This authorization was not filed until several months after the decision of the Industrial Commission disallowing appellee's claim. In a prior case, involving occupational disease, an authorization of representation had been filed. That was in Case No. CD-74781. However, the two cases are entirely separate, and the authorization of representation filed in the earlier occupational disease case would not carry over to the instant case. Even if the authorization of representation had been filed, the only person required to be notified under the statutory law of Ohio is the claimant,

Inasmuch as the claimant did receive notice and took no action within the time provided by law for such action, the Court of Common Pleas had no authority to render the judgment in mandamus in which it ordered the Industrial Commission to grant the relief requested and to schedule a hearing on her claim.

In **State, ex rel. Allen, v. Industrial Commission, 127 Oh St 541,** claimant had been notified of the disallowance of her claim. In that case, claimant said that she instructed the Industrial Commission to mail all notices to her attorney. The syllabus of the Allen case reads as follows:

"1. In the absence of abuse of discretion the decision of the Industrial Commission as to whether an application for rehearing has been filed within the statutory thirty-day period, is final.

"2. A writ of mandamus will not lie to require the Industrial Commission to entertain an application for rehearing not filed within thirty days after the claimant's receipt of notice of the denial of the claim."

In the same case, at Pages 544 and 545, the opinion, written by Chief Justice Weygandt, reads as follows:

"The relatrix further claims that the commission should not have sent the notice to her in view of her instruction to mail all notices to her attorney. Whatever may have been the effect of this instruction, it clearly could not have served to invalidate a notice given in conformity with the statute.

"In view of the foregoing, it necessarily follows that the writ must be denied and the petition dismissed at the costs of the relatrix."

The assignment of error is well taken, and the judgment of the Court of Common Pleas is hereby reversed.

BRYANT and MILLER, JJ, concur.